# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT W. GOSS | § | |
| | § | |
| V. | § | CASE NO. 4:06cv59 |
| | § | (Judge Schell/Judge Bush) |
| Commissioner of Social | § | |
| Security Administration | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final

decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB").  After

carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the

administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

Plaintiff originally filed an application for DIB on October 8,  2003, alleging disability since

July 1, 2002, due to back and knee pain.   The application was denied initially and upon

reconsideration.  Plaintiff subsequently requested a hearing before an Administrative Law Judge

("ALJ").  After holding a hearing on August 30, 2005, the ALJ issued an unfavorable decision on

October 25, 2005.   The standard for determining disability under the Act is whether the claimant

is unable to perform substantial gainful activity for at least 12 months because of a medically

determinable impairment.  42 U.S.C. §423 (d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir.

1985).

The Plaintiff subsequently requested that the Appeals Council conduct a review.   The

Appeals Council denied Plaintiff's request on December 13, 2005.  Therefore, the decision of the

ALJ became the final decision of the Commissioner.  Plaintiff now seeks judicial review of the final

administrative decision pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ

made the following findings:

1.    The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.    The claimant's impairments are "severe" impairments, based upon the requirements in the Regulations.  (20 C.F.R. § 404.1520(c)).

4.    This medically determinable impairment does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.    The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.    The claimant has the residual functional capacity for light work activity.

7.    The claimant is unable to perform any of his past relevant work.  (20 C.F.R. § 404.1565).

8.    The claimant is an "individual closely approaching advanced age." (20 C.F.R. § 404.1563).

9.    The claimant has "a high school education." ( 20 C.F.R. § 404.1564).

10.    The claimant has no transferable skills from any past relevant work.  (20 C.F.R. § 404.1568).

11.    The claimant has the residual functional capacity to perform a significant range of light work.  (20 C.F.R. § 404.1567).

12.    Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 202.14 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.  Examples of such jobs include work as wire assembler, electrical meter assembler, and dispatcher.

2

13.    The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.  (20 C.F.R. § 404.1520(g)).

(TR 21-22).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision that Plaintiff was not disabled is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  The Commissioner's findings must be affirmed if they are supported by substantial evidence, which is defined as more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971).  The Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability.  20 C.F.R. § 404.1520 (1987).  First, if a claimant is engaged in substantial gainful employment at the time of his disability claim, the claimant is not disabled.  20 C.F.R. § 404.1520(b) (1987).  Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience.  20

3

C.F.R. § 404.1520(c) (1987).  Third, if the alleged impairment is severe, the claimant is considered

disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P,

Appendix 1 (1987).  20 C.F.R. § 404.1520(d) (1987).  Fourth, a claimant with a severe impairment

that does not correspond to a listed impairment is not considered to be disabled if he is capable of

performing his past work.  20 C.F.R. § 404.1520(e) (1987).  Finally, a claimant who cannot return

to his past work is not disabled if he has the residual functional capacity to engage in work available

in the national economy.  20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).


## ANALYSIS

Upon determining Plaintiff's residual functional capacity ("RFC") and finding that he was

unable to perform his past relevant work, the ALJ then considered a Vocational Expert's ("VE")

testimony at step five to determine if Plaintiff was able to perform other work.  The ALJ asked the

VE to assume a hypothetical person of Plaintiff's age (53), education (some college), past work

experience (medium to heavy skilled work), and RFC, including the ability to "sit for six hours,

stand and walk four to six hours, lift or carry 20 pounds occasionally and ten pounds frequently, push

or pull to those weights, only occasionally reach out or above the shoulder, no working at heights

or climbing of ladders." The ALJ asked the VE whether such a hypothetical person could perform

other work "with or without transferable skills" from his past skilled work as an electronics engineer,

electronics technician, and field services technician.  The VE unequivocally replied "[y]es," such a

person could perform other work, including that of an electrical wire assembler and electric motor

assembler, which are both classified as light, semi-skilled jobs, and a dispatcher in maintenance

service, which is classified as a sedentary, semi-skilled job.  Such testimony constitutes  substantial

evidence in support of the ALJ's determination that Plaintiff could make a successful adjustment to

4

other work.  *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Focusing on the issue of transferability of skills, Plaintiff contends that the ALJ's step five decision was erroneous.  Transferability of skills means that the skilled or semi-skilled work activities an individual did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.  20 C.F.R. § 404.1568(d).  Plaintiff appears to be broadly arguing that a person with no transferable job skills from his past work cannot perform any work requiring any level of skill.  Plaintiff's argument fails for a number of reasons.

The Fifth Circuit has held that "[t]he value of a [VE] is that he [or she] is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed."  *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000); *Field v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986).  It is clear from the VE's testimony that she had full knowledge that this particular hypothetical person had no transferable skills from his past skilled work when she testified that such person could perform these three semi-skilled jobs.  If there was any uncertainty as to this, it was made clearer from additional questioning by Plaintiff's attorney, who asked the VE "what skills are you referring to that are transferable from his past work," to which the VE replied that she "did not use skills" in replying to the ALJ's hypothetical question.  Nothing in the Regulations provides that the lack of transferable skills from past skilled work translates into a lack of ability to perform any work requiring any level of skills.  Plaintiff argues that the question is whether the Commissioner can deny benefits because a claimant can physically perform semi-skilled jobs where the claimant is to be treated as a person without skills.

The real issue is whether Plaintiff is capable of learning the skills associated with these semi-skilled jobs, with a specific vocational preparation ("SVP") factor of three, which requires only one to three months to learn (just above the unskilled level).  *See* Social Security Ruling (SSR) 00-4p,

2000 WL 1898704, at *3.  Semi-skilled occupations are more complex than unskilled work and distinctly simpler than the more highly skilled types of jobs.  SSR 82-41, 1982 WL 31389 at *2. Even though semi-skilled occupations require more than 30 days to learn, the content of work activities in some semi-skilled jobs may be little more than unskilled.  *Id.*  It is the VE's expert opinion that this hypothetical person could make a vocational adjustment to these three particular semi-skilled jobs without the need for skills from his past skilled work.  Thus, the lack of transferable skills is a non-issue with respect to these jobs.  VE testimony is based on the finding of no transferable work skills and involves an individual with a skilled work history who is found able to perform semi-skilled work.

Plaintiff suggests that his age combined with the lack of transferable skills results in a finding of disability.  This rule is inapplicable because Plaintiff is not in this advanced age category. Plaintiff does not fall into the borderline age range since he was 14 months away from age 55 when the ALJ rendered his decision.  20 C.F.R. § 404.1563(b); *Underwood v. Bowen*, 828 F.2d 1081, 1082 (5th Cir. 1987) (finding that a 49-year old who was ten months away from age 50 did not constitute a borderline age case).

Plaintiff argues that the Medical-Vocational Guidelines ("GRIDS") should control and direct a finding of disability based on his age and lack of transferable skills.  Plaintiff's argument fails for the simple fact that the GRIDS are not controlling in this case because the ALJ specifically found that Plaintiff cannot perform the full range of light work activities.  The GRIDS do not control where a claimant is unable to perform the full range of exertional activities at a given work level.  *Bowling*, 36 F.3d at 435; 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(a).

The final responsibility for determining an individual's RFC and the ultimate question of whether an individual is "disabled" under the Act are issues reserved to the Commissioner.  SSR 96-

5p, 1996 WL 374183; 20 C.F.R. §§ 404.1527(e), 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ assessed Plaintiff's RFC in accordance with the proper legal standards by considering all the relevant evidence and determined that the evidence established that Plaintiff is able to perform a significant range of light work activity limited by an inability to climb ladders, work at heights, or around dangerous machinery, and the ability to only occasionally perform postural activities such as crawling, crouching, reaching, and squatting.

Plaintiff's subjective allegations must be corroborated, at least in part, by objective evidence. *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). Although Plaintiff claims in his brief that he is unable to lift the demands of light work, he only offers his testimony to support this allegation. His testimony actually supports the ALJ's finding as to his ability to lift at the light level as he testified that he could lift 15 pounds comfortably and light work requires lifting only 10 pounds frequently and 20 pounds occasionally (Tr. 212). *See* 20 C.F.R. § 404.1567(b). He also testified that he could lift up to 25-30 pounds (Tr. 207). Plaintiff has presented no medical evidence to support his claim that he cannot even occasionally perform postural activities as provided in the ALJ's RFC (Tr. 19). In a daily activity questionnaire, Plaintiff reported that he had no bending limitations. There is no medical evidence to substantiate Plaintiff's claim that he cannot stand or walk, off and on, for up to six hours. Although Plaintiff testified that he used a cane to walk at times, he admitted that no doctor ever prescribed use of a cane. Although Plaintiff testified that he used a leg brace for his knee, there is no discussion of a brace in his medical records.

A review of the record reveals that Plaintiff has presented very few medical records reflecting only sparse treatment from September 2003 through January 2004, and the records that exist reveal only mild findings upon examination and testing. The first record of treatment occurred just one month prior to filing of his DIB application in October 2003, which suggests that his motivation for

medical treatment may be more connected to his quest for benefits than an actual need for treatment. In fact, his statement that he lost his will to work after September 11, 2001 further diminishes his credibility (Tr. 108).

Examination findings and diagnostic testing support the ALJ's RFC finding.  Plaintiff's most recent treatment record from January 6, 2004, shows that musculoskeletal examination of his back revealed normal range of motion and no tenderness.  A computed tomography (CT) scan of his lumbar spine indicated only mild degenerative changes with facet joint hypertrophy at the L2-3, L3-4, and L4-5 levels with mild narrowing of the canal together with the mild facet joint disease, and a mild bulge at the L3-4.  Physical examination of his left knee on October 16, 2003, revealed normal movements, no effusion, and no point tenderness.  Plaintiff admitted that he had changed the tires on his car three weeks prior to seeking this treatment for back pain.  The ALJ properly noted that Plaintiff's treatment records reflect that he never exhibited any motor, sensory, reflex, or circulatory deficits on clinical examination.  He never had either continuous muscle spasms or persistent, significant and objective limitations in ranges of motion in his back or knees.   The ALJ properly found that it was significant that Plaintiff does not have the objective signs typical of someone suffering severe pain for an extended period of time, including significant weight loss and poor overall health.

An ALJ is entitled to determine the credibility of medical experts and weigh their opinions accordingly. *See Greenspan*, 38 F.3d at 237.  An ALJ is to apply the following factors in considering medical opinions: the length of the treatment relationship, the frequency of examinations and testing performed, the supportability of the opinion with medical signs and laboratory findings, the consistency of the opinion with the record as a whole, and the specialization, if any, of the medical source.  20 C.F.R. § 404.1527(d); *Newton v. Apfel*, 209 F.3d 448, 457-58 (5th Cir. 2000).  An ALJ

8

is free to reject the opinion of any physician when the evidence supports a contrary conclusion.  *See*

*Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); *Greenspan*, 38 F.3d at 237-38.

As reflected in the ALJ's decision, he considered Dr. Taba's opinion and findings, in accordance with these proper legal standards.  Although the opinion of a treating physician is generally entitled to considerable weight, the findings of a one-time consultative examiner, such as Dr. Taba, are not entitled to the same controlling weight.  *See* 20 C.F.R. § 404.1527; *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

The record indicates that the ALJ found persuasive the fact that Dr. Taba did not believe Plaintiff was capable of performing all work activity, as he opined that Plaintiff could perform sedentary work activity.  The ALJ properly noted that none of Plaintiff's treating physicians placed restrictions on his abilities that would prevent all work activity, which is significant.  *Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).  Although Dr. Taba broadly stated that Plaintiff was "unable to tolerate any type of bending, stooping, twisting and lifting activities," the ALJ found that the evidence, as a whole, established that Plaintiff could perform postural activities on an occasional basis and could perform the lifting requirements of light work matters as to disability and regarding reserved to the commissioner.  Additionally, the RFC assessment of a State Agency consultant is consistent with the ALJ's RFC finding.

There is evidence to support the ALJ's final analysis, and the Court must affirm the denial.  The ALJ considered all of the evidence and based his conclusions on such evidence.  The Court finds no error.

## <u>RECOMMENDATION</u>

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be AFFIRMED.

9

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) *en banc*.

**SIGNED this 30th day of August, 2006.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE